UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In Re:

            MICHAEL G. VINIERIS

                  Debtor.

-----------------------------------------------------------X

Hearing Date: June 13, 2008
Time: 10:00 a.m.

Chapter 13
Case No.: 08-11151(MG)

## AFFIDAVIT IN SUPPORT OF FEDERAL INSURANCE COMPANY'S NOTICE OF MOTION TO DISMISS

STATE OF NEW YORK    )
                          ss:
COUNTY OF NEW YORK  )

      JOHN P. FOUDY, being duly sworn, deposes and says:

      1. I am an attorney licensed to practice in the State of New York and an associate of Rosner Nocera & Ragone, LLP, attorneys for Federal Insurance Company (hereinafter "Federal Insurance"), a judgment creditor of the debtor, Michael G. Vinieris (hereinafter "the Debtor").

      2. I submit this affidavit in support of the instant motion of Federal Insurance for an Order, pursuant to 11 USC § 109(e), dismissing the instant Chapter 13 Petition as the Debtor's noncontingent, liquidated, secured debts exceed Nine Million ($9,000,000.00) Dollars and as such are greatly in excess of the $750,000.00 maximum; in the alternative Federal moves to dismiss the instant filing pursuant to 11 USC 1307(c) on the basis that same was made in bad faith.

### THE DEBTOR DOES NOT QUALIFY AS A CHAPTER 13 DEBTOR

      3. Federal Insurance is a Judgment Creditor of the Debtor by virtue of a final and non-appealable judgment entered on the 24th day of November, 2004, in the Supreme Court of the State of New York, County of New York, in favor of Federal Insurance and against the Debtor in

the sum of $9,956,855.84 with interest hereto as Exhibit "1." The Judgment is not subject to any appeal and has not been modified.

4. Furthermore, Federal Insurance is a party to another pending action concerning Debtor, GreenPoint Bank v. Michael Venieris et al, Supreme Court, State of New York, County of New York, Index No. 101901/02. Said action (the "GreenPoint Action") was commenced, upon information and belief, to foreclose upon a mortgage given by Debtor to GreenPoint Bank.

5. Annexed hereto as Exhibit "2" is a copy of a Notice of Sale arising from the GreenPoint Action. As appears from Exhibit "2" a foreclosure sale of the Debtor's Real Property and Premises located at 330 East 38th Street, Unit 42K, New York, NY, was scheduled to be held on April 2, 2008 at 1:00 p.m.

6. On or about April 1, 2008, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, thereby staying the GreenPoint Action.

7. Federal Insurance is not listed by the Debtor as a creditor. However, contrary to the Debtor's schedules, the Debtor is indebted to Federal in an amount in excess of nine million dollars. The Judgment held by Federal is not subject to a pending action, it is a docketed, final, unappealable and more importantly, unsatisfied Judgment and accordingly this action should be dismissed pursuant to 11 USC § 109(e). (See Federal Insurance's Memorandum of Law in Support).

## THE INSTANT FILING WAS MADE IN BAD FAITH

8. In the alternative Federal Insurance moves to dismiss instant proceeding since it is respectfully submitted that the instant filing was made in bad faith. Debtor's sole purpose in filing was to delay Federal's and Greenpoint Bank's exercise of their rights as creditors. Any equity Debtor may have in his condominium property (scheduled at $1,000,000) is dwarfed by

Federal's $9 million Judgment lien.

9. On or about January 28, 2002, Greenpoint Bank ("Greenpoint") commenced its Foreclosure Action against debtor. Upon becoming aware, in 2003 of Greenpoint's Foreclosure Action, Federal Insurance moved to intervene in the Foreclosure Action, as a party defendant. Said motion was granted by Order of the Hon. Paula J. Omansky, J.S.C. dated July 30, 2003.

10. The debtor thereupon filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on August 8, 2003, in this Court, Case No.: 03-4941(CB). That proceeding was converted from Chapter 13 to Chapter 11 on November 6, 2003, as a result of a motion made to dismiss pursuant to 11 USC § 109(e). Thereafter, upon the motion of creditor Greenpoint Bank, pursuant to 11 USC § 1112 (b), Mr. Vinieris' prior filing was dismissed on April 19, 2004.

11. In addition, during the pendency of Debtor's previous bankruptcy action, Federal Insurance commenced an adversary proceeding, Federal Insurance Company v. Vinieris 03-93805-cb, to contest the dischargeability of the debt owed by Mr. Vinieris to Federal. That adversary proceeding was dismissed as moot when Mr. Vinieris's prior filing was dismissed.

12. The debtor's prior bankruptcy filing and the Greenpoint Foreclosure Action are important inasmuch as they show that the sole item of real property admittedly owned by Debtor is in foreclosure. Additionally, by virtue of the amount of Greenpoint's mortgage ($483,943.42, pursuant to debtor's own schedules) and Federal Insurance's intervention in such foreclosure, (Federal's Judgment being over $9 million) Debtor is left with no equity in the premises which he claims is worth $1,000,000.

13. As noted earlier, Debtor omits mention of the debt owed to Wachovia. In his earlier Bankruptcy proceeding (03-4941-CB) the debtor mischaracterized the debt owed to Federal as

being "-0-" and falsely stated it was "subject to a pending action".

14. The Debtor's "Amended Schedule I indicates the debtor has just $1,000 in net income with which to fund a Chapter 13 Plan (or Chapter 11 plain if this case is converted). It is clear that in order to meet the test set forth in 11 USCA § 1129 (a)(7)(A)(ii)[1] debtor would have to pay the sum of (at least) $9,000 per month to avoid conversion to Chapter 7.  (See Federal Insurance's Memo of Law.

15. It is apparent that the prospects of a successful "adjustment" or "reorganizations" are non-existent, and that debtor filed this action as a continuation of his tactic of stalling the inevitable.  It is respectfully submitted that this action should be dismissed; or in the alternative converted to Chapter 7.

WHEREFORE, your deponent respectfully request that this Court grant the instant motion and dismiss, with prejudice, the instant Chapter 13 filing, along with other appropriate relief under the circumstances.

John P. Foudy

Sworn to before me on this
23 day of May, 2008

Notary Public
cs/Vinieris.Aff
05/08

CRAIG O'CONNOR
Notary Public, State of New York
No. 01OC6150437
Qualified in Queens County
Commission Expires July 24, 2010

---

[1] Namely, that each creditor receive an amount that is "not less than the amount that such holder would so receive or retain if the debtor were liquidated...," Id.