UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X     Hearing Date: June 13, 2008
In Re:                                                                                    Time: 10:00 a.m.

        MICHAEL G. VINIERIS
                                                  Chapter 13
                                                  Case No.: 08-11151(MG)
                         Debtor.
----------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS

                                                              ROSNER NOCERA & RAGONE, LLP
                                                              Attorneys for Federal Insurance Company
                                                              110 Wall Street, 23rd Floor
                                                              New York, NY 10005
                                                               (212) 635-2244

## **PRELIMINARY STATEMENT**

This Memorandum of Law in Opposition in is submitted on behalf of Federal Insurance Company (hereinafter "Federal Insurance") in support of its instant motion for an order (1) dismissing the instant Bankruptcy filing pursuant to 11 U.S.C. Section 109(e) since the non-contingent, liquidated, secured debts of the Debtor greatly exceed the maximum of $750,000; (2) in the alternative, dismissing the instant filing for cause pursuant to 11 USC § 1307(c).

## **STATEMENT OF FACTS**

The Court is respectfully referred to the accompanying affidavit of John P. Foudy, sworn to the 23rd day of May, 2008 (hereinafter the "Foudy Affidavit"), together with all exhibits thereto, for a full rendition of the facts necessary to decide the instant motion.

The essential facts, however, are as follows:

On or about April 1, 2008, Debtor Michael G. Vinieris ("Debtor") filed a petition from relief under Chapter 13 of the Bankruptcy Code. Such filing stays a pending court action against the Debtor, in which Federal Insurance is a party. The action is a mortgage foreclosure action commenced by Greenpoint Savings Bank against Debtor in the Supreme Court of the State of New York, County of New York, under Index Number 101901/02.

Federal Insurance is a Judgment Creditor of the Debtor by virtue of a final and non-appealable Judgment entered on the 24th day of November, 2004, in the Supreme Court of the State of New York, County of New York, in favor of Federal Insurance and against the Debtor in the sum of $9,956,955.84 with interest thereon from the 24th day of November, 2004. (Foudy Affidavit ¶ 3, Ex. 1). Federal Insurance is still the owner of the judgment. The Judgment is not subject to any appeal and has not been modified. By reason thereof, Federal Insurance submits that Debtor is ineligible for relief under Chapter 13 of the United States Bankruptcy Code, since

the Debtor's noncontingent, liquidated and secured debts, greatly exceed the $750,000 limit set forth in 11 U.S.C. § 109(e). Furthermore, this is the second bankruptcy filing made by debtor in a desperate attempt to avoid foreclosure. It is respectfully submitted that as a single asset debtor, with no reasonable hope of "adjustment" or reorganization, that the instant filing was made in bad faith and should be dismissed. Accordingly, Federal Insurance respectfully request that its motion be granted in all respects.

## POINT I

### THE DEBTOR'S NONCONTINGENT, LIQUIDATED, SECURED DEBTS EXCEED $750,000 AND THIS FILING MUST BE DISMISSED

Section 109(e), of the Bankruptcy Code (Who may be a debtor) sets forth as follows:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this title.

Since the judgment docketed on November 24, 2004 in favor of Federal Insurance, is a "noncontingent, liquidated, secured" debt of greater than $750,000, the Debtor is ineligible for relief under Chapter 13 of the Bankruptcy Code, (In re Crescenzi, 69 B.R. 64 [S.D.N.Y. 1986]) and the instant case must be dismissed (In re Harbaugh, 153 B.R. 54 [Bkrtcy .D.Idaho 1993]).

The judgment is "noncontingent" since it has been entered pre-petition, and no further steps are required (see: In re Loya, 123 B.R. 338 [9th Cir.BAP (Cal.) 1991]). The judgment is "liquidated" in that the debt was reduced to judgment prior to the filing of debtors' Chapter 13 petition (see: In re Wiencko, 275 B.R. 772 [W.D.Va 2002]; In re Miloszar, 238 B.R. 266 [D.N.J.1999]). The judgment is "secured" in that a docketed judgment in New York creates a

3

judgment lien which lasts ten years (CPLR § 5203).

Debtor's apparent attempt to evade the eligibility requirement of section 109(e) by simply failing to schedule the debt owed to Federal Insurance[1] does not change this result, since a "[d]ebt which was reduced to judgment prior to the filing of debtors' Chapter 13 petitions was 'liquidated' debt, which had to be included with debtors' other noncontingent, liquidated, unsecured debts in assessing their eligibility for Chapter 13 relief...notwithstanding that debtors disputed their liability to judgment creditor."  In re Wiencko, 275 B.R. 772 (W.D.Va 2002).

A Debtor's failure to schedule a debt or to characterize a debt as "contingent" or "disputed" in his schedules does not unilaterally change the true nature of the debt for purposes of determining eligibility under Chapter 13 of the Bankruptcy Code.  The Court has the power to investigate beyond the schedules to determine the alleged dispute or claimed contingency of the liability. (see: In re Wilson, 9 B.R. 723 [E.D.N.Y. 1981]).

As a result, in the case at bar, it is evident that the Debtor is ineligible to file for relief under Chapter 13 of the Bankruptcy Code as he cannot meet the eligibility requirement set forth in 11 U.S.C. Section 101(e).  It is therefore requested that the Debtor's Chapter 13 proceeding be dismissed in all respects pursuant to, inter alia, 11 U.S.C. Section 109(e).

## POINT II

### THIS CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. SECTION 1307(c) FOR CAUSE, INCLUDING THE ABSENCE OF GOOD FAITH IN FILING THIS PROCEEDING

The authority of this Court to dismiss a Chapter 13 petition arises from 11 U.S.C. Section 1307(c), which provides, in pertinent part, the following:

---

[1] In his prior Chapter 13 bankruptcy filing, In re Vineris, 03-41941(cb) Debtor failed in his effort to circumvent 11 USC § 109(e) by scheduling his debt to Federal, but claiming that same was "disputed".

4

> Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, <u>or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause,</u> including--

Lack of good faith is sufficient cause for dismissal under Chapter 13. <u>Matter of Love</u>, 957 F.2d 1350 (7th Cir. 1992). A Chapter 13 petition should be dismissed as having been filed in "bad faith," where a debtor times his filing in order to frustrate a state court enforcement action, like the Greenpoint Foreclosure Action, submits contradictory and misleading statements of his property interests, and fails to disclose an earlier Chapter 13 petition which had been dismissed earlier. <u>In re Eisen</u>, 14 F.3d 469 (9th Cir. 1994). (see also: <u>In re Inmon</u>, 208 B.R. 455 (E.D.Ark.1996). (Cause included failure of debtor to state debts accurately).

**A.  Debtor Filed This Case In Bad Faith.**

Among the factors relevant to determination of whether "cause" exists to dismiss a Chapter 13 case based on debtor's lack of good faith include: the amount of proposed payments and amount of debtor's surplus; the accuracy of plan's statements and whether any inaccuracies are an attempt to mislead court; the extent of preferential treatment between classes of creditors; the extent to which secured claims are modified; the type of debt sought to be discharged and whether it is dischargeable in Chapter 7; the frequency with which debtor has sought bankruptcy relief; and the motivation and sincerity of debtor in seeking Chapter 13 relief. <u>In re Armstrong</u>, 303 B.R. 213 (10th Cir.BAP (Utah) 2004).

In the Chapter 11 context, the elements to look at in determining whether or not a filing was made in bad faith were laid out by the Second Circuit in <u>In re C-TC 9th Ave. Partnership</u>, 113 F.3d 1304. (2d Cir. 1997). The Second Circuit reiterated the factors, "indicative of a bad

5

faith filing." (Id. 113 F.3d at 1311), from Pleasant Pointe Apartments, Ltd. V. Kentucky Housing Corp., 139 B.R. 828 (W.D.Ky. 1992). The C-TC 9th Ave. court ruled, when considering the facts in the case before it, that "[t]he presence of the Pleasant Pointe factors was adequate evidence of the Debtor's impermissible purpose in filing." (113 F.3d at 1311). Such factors included:

> (1)  the Debtor has only one asset;
> (2)  the Debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
> (3)  the Debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
> (4)  the Debtor's financial condition is, in essence, a two-party dispute between the Debtor and secured creditors which can be resolved in the pending state foreclosure action;
> (5)  the timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights;
> (6) the Debtor has little or no cash flow;
> (7) the Debtor can't meet current expenses including the payment of personal property and real estate taxes; and
> (8)  the Debtor has no employees.

C-TC 9th, supra, 113 F.3d at 1311 (citing Pleasant Pointe Apartment, Ltd., 139 B.R. at 832); see also AMC Realty Corp., supra, 270 B.R. at 141, (laying out same factors) see also Phoenix Piccadilly, Ltd. V. Life Ins. Co. of Virginia (In re Phoenix Piccadilly, Ltd.), 849 F.2d 1393, 1394-1395 (11th Cir. 1988) (laying out factors); Little Creek Development Co. v. Commonwealth Mortgage Co. (In re Little Creek Development Co.), 779 F.2d 1068, 1072-1073 (5th Cir. 1986).

It is clear that the Debtor has only one available asset, the condominium unit located in New York, that the Debtor has just three (3) significant secured creditors, Greenpoint Bank, Federal Insurance, and the Board of Managers for the Corinthian Condominium, and that the Debtor's dispute really only concerns such parties. All of the issues presented as between Debtor and his three creditors can be resolved in the Greenpoint Foreclosure Action. Further, the timing

of Debtor's filing clearly evidences an intent to frustrate and delay.  The Debtor has identified insufficient cash flow in excess of his mortgage debt and has no employees.

Although no blanket rule exists in determining a "bad faith" bankruptcy filing or whether "cause" exists to dismiss a proceeding, it has been held by the Eleventh Circuit as follows:

> [T]he Courts may consider any factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provisions or, in the particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.  (Citing In re Albany Partners, Ltd. 749 F.2d at 674.)

In re Phoenix Piccadilly, Ltd., 849 F.2d 1393, 1394 (11th Cir. 1988), see also, East-West Associates v. Natasi-White, 106 B.R. 767 )SDNY 1989) (Stating that a bankruptcy petition my be dismissed for lack of good faith, also holding that possibility of an effective reorganization is relevant to whether a filing has been made in good faith).

Debtor's bad faith is manifest whether looking under the "cause" requirements of Code Section 1307(c) or Section 1112(b) or Section 362(d)(1):

> While each of Code section 1112(b) and 362(d)(1) states that the authority it provides    dismissal or relief from stay, respectively– may be granted for "cause," and lists one or more examples of cause, each precedes the list with the word "includes," and none of those lists is exhaustive.  Cause, for either dismissal or relief from the stay, may be found based on unenumerated factors, including "bad faith", see C-TC 9th Avenue Partnership v. Norton), 113 F.3d 1304, 1313 (2d Cir. 1997), or failure to deal with creditors fairly even where "bad faith" is not found.  See In re Kaplan Breslaw Ash LLC, 264 B.R. 309 334 (Bankr. S.D.N.Y. 2001) (Gerber, J.), and cases cited therein.  See also In re Hudgins, 188 B.R. 938, 946 (Bankr. E.D. Tex. 1995) ("cause" under section 362(d)(1) is not limited to those situations where the property of a party lacks adequate protection; instead, "cause" encompasses many different situations").

In re AMC Realty Corp., supra 270 B.R. 132, at 140 (SDNY 2001).

Moreover, in the case of <u>Furness v. Lilienfield</u>, 35 B.R. 1006 (D. Maryland 1983), the Court held that the burden of proof as to good faith lies with the Debtor.  <u>See</u> also, <u>In re Washington Funding Corporation</u> 13 B.R. 216 (Bankr. E.D.N.Y. 1981).  Under the circumstances surrounding this case, it is submitted that the Debtor can not demonstrate good faith in the filing of this proceeding.

**B.  The Debt owed to Federal Insurance is Non-Dischargable.**

It is respectfully submitted that the debt owed by Debtor to Federal is non-dischargable pursuant to both 11 U.S.C. Section 523(a)(4) and Section 523(a)(6).  (See Adversary Proceeding No. 03-93806, <u>Federal Insurance Company v. Gerassimos Vinieris</u>.)  Although the Adversary Proceeding to determine dischargeability was not adjudicated when it was dismissed without prejudice as moot upon the dismissal of debtor's prior bankruptcy filing, there is no possible dispute that the Debtor was convicted of violating 18 U.S.C. § 371 (Criminal Conspiracy), 18 U.S.C. § 2314 (interstate transportation of stolen property) and 18 U.S.C. § 1001, (false statements) (<u>See</u> <u>USA v. Vinieris</u> 83-cr-00068-UA (SDNY).  The Judgment obtained by Federal arose from the exact same acts which formed the basis of Debtor's conviction.

The specific acts forming the basis of Debtor's conviction are directly analogous to those found in, <u>In re Tamburo</u>, 82 F.Supp. 995. (D.C.Md. 1949), where in a:

> civil suit it was proved to the satisfaction of a jury that the four individual defendants, knowing this shipment to have been stolen, and with intent to deprive the Tobacco Company of it, by conspiracy among themselves acquired and secreted this shipment and later disposed of it in such manner that the cigarettes were never recovered.  Accordingly, a verdict was obtained against the defendants for $22,728.87, with interest, for which judgment was entered in favor of the Tobacco Company to the use of the Insurance Company.  No appeal was taken from this judgment and it remains unpaid.

8

Id. at 996. The Court in Tamburo, found such Judgment to be non-dischargeable as it constituted the "wilful and malicious injury to property as defined in the second type of excepted debts as set forth in [Prior Code] Section 17." Id. at 998. As a result, the debt owed by Debtor to Federal Insurance is non-dischargeable by virtue of [Current Code] 11 U.S.C. § 523(a)(6), which exempts from discharge debts rising from the willful and malicious injury to the property of another.

Furthermore, Debtor's acts also fall under 11 U.S.C. § 523(a)(4), which exempts from discharge debts arising from "larceny". "For purposes of Section 523(a)(4) larceny is defined by federal common law (cites omitted), and requires proof of Debtor's fraudulent intent in taking creditor's property." In re Sokol, 170 B.R. 556 (SDNY 1994) aff'd 108 F.3d 1370, aff'd and remanded 113 F.3d 303. (See also, State of NY. v. Kelly, 155 B.R. 75, 78 (SDNY 1993); In re Caulfield, 192 B.R. 808, 818 (Bankr. E.D.N.Y. 1996).

It is apparent that since Debtor was convicted of conspiracy, interstate transportation of stolen property and making false statements, the debt owed to Federal Insurance is not dischargeable. As such, Debtor's only purpose in filing bankruptcy is to delay Federal Insurance and Greenpoint Bank from pursuing their rights. Greenpoint Bank holds a first mortgage on Debtor's only verifiable and tangible asset, and Federal Insurance is poised to share in the proceeds of Greenpoint's Foreclosure Action. Since Debtor cannot avoid paying Greenpoint, a fully secured creditor, and cannot discharge the debt owed to Federal, the only purpose for, and the only effect of, the instant filing is simply to delay and frustrate Debtor's three significant creditors.

**C.  Summary of Argument For Dismissal**

In the case at bar, it is evident that "cause" to dismiss the Debtor's Chapter 11 proceeding exists under 11 U.S.C. Section 1307(c).  It is patently clear that the Debtor has not, and cannot, establish that his Chapter 13 filing is a "good faith" filing towards a meaningful reorganization of his debts.  As a result, it is requested that the Debtor's Chapter 13 proceeding be dismissed in all respects pursuant to, inter alia, 11 U.S.C. Section 1307(c).

## CONCLUSION

For the reasons stated herein, and in the Foudy Affidavit, and based upon the authorities cited above, it is respectfully requested that the Court grant the instant motion of Federal Insurance Company in its entirety, together with such other and further relief as this Court deems appropriate under the circumstances.

Dated: New York, New York
       May 23, 2008

                                          Yours etc.

                                          ROSNER NOCERA & RAGONE, LLP

                                          By:__\S\ John P. Foudy_____
                                                John P. Foudy (JF-7322)
                                          Attorneys for Plaintiff
                                          110 Wall Street, 23rd Floor
                                          New York, New York 10005
                                          (212) 635-2244

cs/Vinieris.Mem
5/08