ROSNER NOCERA & RAGONE, LLP
110 Wall Street, 23rd Floor
New York, NY 10005
Attorneys for Plaintiff in
Adversary Proceeding

----------------------------------------------------------------------X
IN RE:

        MIKE G. VINIERIS

                Debtor.
----------------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                Plaintiff,

  -against-

MIKE G. VINIERIS a/k/a GERASSIMOS VINIERIS

                Defendant.
----------------------------------------------------------------------X

UNITED STATES
BANKRUPTCY COURT
SOUTHERN DISTRICT OF
NEW YORK

Case No. 08-11151(MG)
Chapter 13

**COMPLAINT**

Adversary Proceeding No.

Plaintiff, Federal Insurance Company (hereinafter "Federal" or the "Plaintiff"), by its attorneys Rosner Nocera & Ragone, LLP, complaining of the defendant respectfully alleges as follows:

## **JURISDICTION**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1471 and 28 U.S.C. Section 157(B) (2).

2. The defendant is a resident of the State of New York and is the debtor (hereinafter the "defendant/debtor") in this Chapter 13 case. The defendant/debtor filed for relief under Chapter 13 of the United States Bankruptcy Code on April 1, 2008 (the "Petition Date").

3. Plaintiff is an insurance company organized and existing under and by virtue of the laws of the State of Indiana, with its principal place of business in New Jersey and plaintiff is authorized to conduct the business of insurance in the State of New York, maintaining offices for the purposes thereof at 55 Water Street, New York, New York.

4. This action is an adversary proceeding to determine the dischargeability of a debt

pursuant to Title 11 U.S.C. Sections 523(a)(4) and 523(a)(6)

## FACTS COMMON TO ALL COUNTS

5. On December 12, 1982 a major theft and/or robbery took place at the premises of Sentry Investigation Corp. and Sentry Armored Courier Corp. (collectively "Sentry"). After an investigation by the FBI/NYPD Joint Task Force, and on or about December 6, 1984, in the United State District Court for the Southern District of New York, a Criminal Indictment concerning the theft at Sentry was filed against, among others, Gerassimos Vinieris a/k/a "Mike Vinieris" a/k/a "Captain Mike", the defendant/debtor herein. A certified copy of such Indictment is annexed hereto and made a part hereof as Exhibit "1".

6. Defendant/debtor under Count 1 of the Indictment was charged with unlawfully, willfully and knowingly, combining, conspiring, confederating and agreeing together with others to commit various offenses related to the theft at Sentry.

7. As charged in the Indictment, the principal object of such conspiracy "was to steal and purloin money and other valuable property..." (Exhibit "1" at page 2). At the time, the Sentry Theft was reported to be the largest cash theft ever in the United States.

8. Defendant/debtor, under Count 5 of the Indictment was charged with the following:

> In or about late February or early March 1983, in the Southern District of New York and elsewhere, the defendant GERASSIMOS VINIERIS, a/k/a "Mike Vinieris," a/k/a "Captain Mike," unlawfully, wilfully and knowingly did transport in interstate commerce from New York, New York, to Hackensack, New Jersey, a trunk containing money of an aggregate value in excess of $5,000, knowing the same to have been stolen, converted and taken by fraud.

(Exhibit "1," Page 12).

9. Defendant/debtor, under Count 6 of the Indictment was charged with the following:

> The defendant GERASSIMOS VINIERIS, a/k/a "Mike Vinieris," a/k/a "Captain Mike," in a matter within the jurisdiction of the Federal Bureau of Investigation, United States Department of Justice, namely the investigation of the theft on December 12, 1982, of approximately $11 million for the premises of Sentry

> Armored Courier Corporation, 3548 Boston Road, Bronx, New York, unlawfully, wilfully and knowingly did falsify, conceal and cover up by trick, scheme and device material facts and did knowingly make false, fictitious and fraudulent statements and representations...

(Exhibit "1," Page 13).

10. On March 7, 1985, after a full trial on the merits, defendant/debtor was convicted in the United States District Court for the Southern District of New York, under Count 1 of the Indictment (18 U.S.C. § 371, Criminal Conspiracy), Count 5 of the Indictment (18 U.S.C. § 2314, interstate transportation of stolen property) and under Count 6 of the Indictment (18 U.S.C. § 1001, false statements). A certified copy of the Judgment of Conviction is annexed hereto and made a part hereof as Exhibit "2."

11. Plaintiff was the insurance company which had insured Sentry against certain losses including the theft of $11 million that took place in December 1982. Plaintiff reimbursed Sentry and Sentry's customers whose money was stolen (e.g., Waldbaum's, Barneys, Yonkers Raceway, etc.) for the theft loses resulting from, inter alia, defendant/debtor's acts outlined above. In consideration of the insurance payments made by plaintiff, plaintiff was assigned all of Sentry's and Sentry's customers rights and claims arising from such theft.

### FIRST COUNT

12. On or about September 24, 1985 an action was commenced by plaintiff herein against, among others, the debtor/defendant herein, in the Supreme Court, State of New York, County of New York, under Index No. 20822/85 (the "State Court Action"). Plaintiff sought recovery in the State Court Action of the money that defendant/debtor and others had stolen, conspired to steal, and subsequently secreted. A true and complete copy of the Summons and Complaint in the State Court Action is annexed hereto and made a part hereof as Exhibit "3."

13. Subsequently, defendant/debtor appeared in the State Court Action and plaintiff duly moved for Summary Judgment. By decision dated June 24, 1986, the plaintiff's motion for summary judgment was granted against the defendant/debtor herein. A true copy of said

3

decision is annexed hereto and made a part hereof as Exhibit "4". Judgment in the amount of $4,330,956.16 was then entered on the 30th day of July 1986 and a true copy of such judgment is annexed hereto as Exhibit "5."

14. On May 20, 2003, Federal commenced an action on the July 30, 1986 judgment, pursuant to NY CPLR § 5014, entitled, <u>Federal Insurance et al v. Gerassimos Vinieris etc.</u> in the Supreme Court on the State of New York, County of New York, under Index No. 109107/03. (The "Second Action")

15. Plaintiff is presently a Judgment Creditor of the Debtor by virtue of a final and non-appealable judgment entered on the 24th day of November, 2004 in the Second Action. Such Judgment is in favor of plaintiff Federal Insurance Company and against the Defendant/Debtor in the sum of $9,956,855.84 with interest accruing thereon from the 24th day of November, 2004. A true copy of such judgment (the "Judgment") is annexed hereto as Exhibit "6," Federal Insurance is still the owner of the Judgment. The Judgment is not subject to any appeal and has not been modified.

16. Pursuant to 11 U.S.C. Section 523(a)(4) and/or Section 523(a)(6), plaintiff is entitled to the entry of an Order denying the defendant/debtor discharge of the above indebtedness to plaintiff, together with such other and further relief as is proper.

WHEREFORE, plaintiff Federal Insurance Company demands judgment:

(1) determining that the indebtedness of the defendant/debtor to plaintiff evidenced by the State Court Judgment is nondischargeable in the underlying bankruptcy proceeding; and

(2) for such other relief as this Court, in its discretion, deems just and proper.

## **SECOND COUNT**

17. Plaintiff repeats, reiterates and realleges and each and every allegation contained in paragraph 1 through 16 of this Complaint with the same force and effect as though set forth at length herein.

4

18. As set forth in the decision of the Hon. Martin Stecher dated June 24, 1986, (i.e. Ex "2"), the plaintiff herein had moved for summary judgment on the grounds that defendant/debtor was collaterally estopped from denying liability and damages in such action by reason of defendant's criminal conviction for the acts alleged in plaintiff's complaint. (Ex "4" pg. 2).

The Court specifically found that:

> On December 12, 1982, a robbery took place on the premises of Sentry Investigation Corp. and Sentry Armored Courier Corp. ("Sentry"). Plaintiffs are insurance companies who reimbursed Sentry's customers for the losses, totalling in excess of $10 million, and were assigned all of the customers rights and claims arising from the theft.
> On March 7, 1985, after a four week trial in the United States District Court for the Southern District of New York, defendant Vinieris was convicted of conspiracy, interstate transportation of stolen property, and making false statements to government officials, arising out of his participation not in the robbery itself, but in subsequent related events.

(Ex. "3" page 2).

19. The Court also noted that the defendant was charged and convicted of:

1. Conspiracy to conceal some of the stolen cash by picking up "two footlockers containing funds stolen from Sentry" from a residence in Queens on or about February 10, 1983 and transporting them to his own apartment in Brooklyn, which trunks had been delivered to the Queens location after the robbery by one Eddie Argitakos, a participant in the robbery;

2. Further transporting, in interstate commerce, to his new apartment in New Jersey, "a trunk containing an aggregate value in excess of $5,000" of the stolen funds; and

3. Making false statements to FBI agents by telling them that in excess $169,000 recovered from his New Jersey apartment was "proceeds involving a rice transaction and that he received the money when he picked up one green trunk at a house in Queens."

20. By reason of the foregoing, the defendant/debtor is, and remains, indebted to plaintiff for the sum of $9,956,855.84, together with interest thereon from November 24, 2004.

21. Pursuant to 11 U.S.C. Section 523(a)(4) and/or 523(a)(6), plaintiff is entitled to the

5

entry of an Order denying the defendant/debtor a discharge of the above indebtedness to plaintiff, together with such other and further relief as is proper.

WHEREFORE, plaintiff Federal Insurance Company demands judgment:

(1) determining that the indebtedness of the defendant/debtor to plaintiff is nondischargeable in the underlying bankruptcy proceeding; and

(2) for such other relief as this Court, in its discretion, deems just and proper.

Dated: New York, New York
June 30, 2008

ROSNER NOCERA & RAGONE, LLP

By: \S\ John P. Foudy
John P. Foudy (JP-7322)
Attorneys for Plaintiff in Adversary
Proceeding, Federal Insurance Company
110 Wall Street, 23rd Floor
New York, NY 10005
(212) 635-2244

cs/Vinieris.Com
6/08