# EXCERPT ONLY
# TRUE AND COMPLETE COPY OF
# EXHIBIT AVAILABLE UPON REQUEST

See General Order M-242: Exhibit 1; Section II(A)(3)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

    - v -                             :      INDICTMENT

NICHOLAS GREGORY,                 :      SSS 83 Cr. 68 (EW)
a/k/a "Nick,"
a/k/a "Nick the Greek,"           :
GERASSIMOS VINIERIS,
a/k/a "Mike Vinieris,"            :
a/k/a "Captain Mike,"
HOWARD MARSHALL, and              :
RICHARD DiBELLA,
                                  :
            Defendants.
                                  :
- - - - - - - - - - - - - - - - -x

### COUNT ONE

The Grand Jury charges:

### The Conspiracy

1.    From in or about August, 1982, up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, NICHOLAS GREGORY, a/k/a "Nick," a/k/a "Nick the Greek," GERASSIMOS VINIERIS, a/k/a "Mike Vinieris," a/k/a "Captain Mike," HOWARD MARSHALL and RICHARD DiBELLA, the defendants, and Christos Potamitis, Eddie Argitakos and Steve Argitakos, unindicted co-conspirators, and others known and unknown to the Grand Jury, unlawfully, wilfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States and to

7, United States Code, Section 2024.

## Objects of the Conspiracy

2.  The principal object of the conspiracy and unlawful agreement among the defendant NICHOLAS GREGORY and Christos Potamitis and Eddie Argitakos, and others known and unknown to the Grand Jury, was to steal and purloin money and other valuable property from the premises of Sentry Armored Courier Corporation, 3548 Boston Road, Bronx, New York ("Sentry"), and to take, carry away and conceal said money and other valuable property, including property, money and other things of value exceeding $100 belonging to and in the care, custody, control, management and possession of certain banks, the deposits of each of which were insured by the Federal Deposit Insurance Corporation, being stored on Sentry's premises. At all times relevant to this Indictment, Sentry was an armored car company engaged in the business of picking-up, delivering, and holding and storing cash, food stamp coupons and other valuables overnight or for other short periods of time for its customers at its business premises located at 3548 Boston Road, Bronx, New York.

## Means Used to Effect the Objects of the Conspiracy

3.  It was a part of the conspiracy and unlawful agreement that Christos Potamitis was at all times relevant to

- 2 -

2314, 1001, 1503, 1510, 1621, 1622, 1623 and 1071, and of Title 7, United States Code, Section 2024.

## Objects of the Conspiracy

2. The principal object of the conspiracy and unlawful agreement among the defendant NICHOLAS GREGORY and Christos Potamitis and Eddie Argitakos, and others known and unknown to the Grand Jury, was to steal and purloin money and other valuable property from the premises of Sentry Armored Courier Corporation, 3548 Boston Road, Bronx, New York ("Sentry"), and to take, carry away and conceal said money and other valuable property, including property, money and other things of value exceeding $100 belonging to and in the care, custody, control, management and possession of certain banks, the deposits of each of which were insured by the Federal Deposit Insurance Corporation, being stored on Sentry's premises. At all times relevant to this Indictment, Sentry was an armored car company engaged in the business of picking-up, delivering, and holding and storing cash, food stamp coupons and other valuables overnight or for other short periods of time for its customers at its business premises located at 3548 Boston Road, Bronx, New York.

## Means Used to Effect the Objects of the Conspiracy

3. It was a part of the conspiracy and unlawful agreement that Christos Potamitis was at all times relevant to

delivered a blue footlocker containing approximately $392,000 in United States currency stolen from Sentry on December 12, 1982, to a storage location in East Greenbush, New York.

17. Between December 12, 1982, and February 16, 1983, the defendant NICHOLAS GREGORY gave to James Cassas, a/k/a "Brooklyn Jimmy," a/k/a "BJ," a substantial quantity of United States currency stolen from Sentry on December 12, 1982, for the purpose of having such money "laundered" and exchanged for other valuable property; Cassas thereupon caused at least $20,000 of said stolen United States currency to be concealed in a white cardboard box within a safe on the premises of San Lazaro Jewelers located at 20 West 47th Street, New York, New York.

18. On or about February 10, 1983, Gerassimos Pavlatos, a/k/a "Mike Pavlatos," had a telephone conversation with Gabriel Iakovidis to arrange for the pick-up of two footlockers.

19. On or about February 10, 1983, the defendant GERASSIMOS VINIERIS, a/k/a "Mike Vinieris," a/k/a "Captain Mike," drove to the residence of Zoi and Gabriel Iakovidis, where Gabriel Iakovidis provided to him the two footlockers containing funds stolen from Sentry which Eddie Argitakos had placed at the Iakovidis residence in mid to late December of 1982.

- 8 -

picked up from the Iakovidis residence to his own residence located at 145 72nd Street, Brooklyn, New York.

21. On April 8, 1983, at the United States Courthouse, Foley Square, New York, New York, the defendant HOWARD MARSHALL testified before a federal Grand Jury investigating the December 12, 1982, theft from Sentry.

22. On November 9, 1983, at the United States Courthouse, Foley Square, New York, New York, the defendant HOWARD MARSHALL testified before a federal judge and jury hearing evidence in a trial involving the December 12, 1982, theft from Sentry.

23. On September 11, 1984, the defendant RICHARD DiBELLA paid for a rental car at A.K. Leasing Company, 709 West Merrick Road, Valley Stream, New York.

(Title 18, United States Code, Section 371.)

On or about December 12, 1982, in the Southern District of New York, the defendant NICHOLAS GREGORY, a/k/a "Nick," a/k/a "Nick the Greek," unlawfully, wilfully and knowingly did transfer, acquire and possess United States Department of Agriculture food stamp coupons (commonly referred to as "food stamps") of an aggregate value exceeding $100, to wit, approximately $288,979, in a manner not authorized by law, in that the said defendant did steal and purloin the aforesaid food stamps from the premises of Sentry Armored Courier Corporation, 3548 Boston Road, Bronx, New York.

>(Title 7, United States Code, Section 2024(b) and Title 18, United States Code, Section 2.)

### COUNT FIVE

The Grand Jury further charges:

In or about late February or early March 1983, in the Southern District of New York and elsewhere, the defendant GERASSIMOS VINIERIS, a/k/a "Mike Vinieris," a/k/a "Captain Mike," unlawfully, wilfully and knowingly did transport in interstate commerce from New York, New York, to Hackensack, New Jersey, a trunk containing money of an aggregate value in excess of $5,000, knowing the same to have been stolen, converted and taken by fraud.

>(Title 18, United States Code, Section 2314.)

of New York, the defendant GERASSIMOS VINIERIS, a/k/a "Mike Vinieris," a/k/a "Captain Mike," in a matter within the jurisdiction of the Federal Bureau of Investigation, United States Department of Justice, namely, the investigation of the theft on December 12, 1982, of approximately $11 million from the premises of Sentry Armored Courier Corporation, 3548 Boston Road, Bronx, New York, unlawfully, wilfully and knowingly did falsify, conceal and cover up by trick, scheme and device material facts and did knowingly make false, fictitious and fraudulent statements and representations, in that, in substance and among other things, the defendant GERASSIMOS VINIERIS told Special Agents of the Federal Bureau of Investigation that approximately $169,320 recovered from the defendant's apartment in Hackensack, New Jersey, were proceeds involving a rice transaction, and that he received the money when he picked up one green trunk at a house in Queens, New York.

(Title 18, United States Code, Section 1001.)

### COUNT SEVEN

The Grand Jury further charges:

1. On April 8, 1983, in the Southern District of New York, the defendant HOWARD MARSHALL, having been called as a witness before a Grand Jury of the United States, which was duly impanelled and sworn in the United States District Court for the