```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
```

------------------------------------------------x

FEDERAL INSURANCE COMPANY; LLOYDS UNDER-
WRITERS; SPHERE INSURANCE CO. LTD.; DRAKE
INSURANCE CO. LTD.; SPHERE INSURANCE CO.
LTD. 'B' A/c; THREADNEEDLE INSURANCE CO.
LTD.; ANDREW WEIR INSURANCE CO. LTD.;
ENGLISH & AMERICAN INSURANCE CO. LTD.;
NIPPON FIRE & MARINE INSURANCE CO. (U.K.)
LTD.; NORWICH UNION FIRE INSURANCE SOCIETY
LTD. "TRUST"; NORWICH UNION FIRE INSURANCE
SOCIETY LTD. "Z" A/C "TRUST"; BRITISH
LAW INSURANCE CO. LTD. NO. 2 A/C.; BISHOP-
GATE INSURANCE CO. LTD. "F" A/c; BRITISH
LAW INSURANCE CO. LTD.; OCEAN MARINE
INSURANCE CO. LTD.; PHOENIX ASSURANCE CO.
LTD.; PRUDENTIAL ASSURANCE CO. LTD. "TRUST"
A/c.; INDEMNITY MARINE ASSURANCE CO. LTD.
"T" A/c.; SOVEREIGN MARINE & GENERAL
INSURANCE CO. LTD.; THE TOKIO MARINE &
FIRE INSURANCE CO. (U.K.) LTD.; TAISHO
MARINE & FIRE INSURANCE CO. (U.K.) LTD.;
STOREBRAND INSURANCE CO. (U.K.) LTD.;
ATLANTIC MUTUAL INSURANCE CO.; and ALLIANZ
INTERNATIONAL INSURANCE CO. LTD.,



Plaintiffs designate
New York County as
the place of trial.
The basis of the
venue is the resi-
dence of plaintiffs'
assignor.

SUMMONS

                    Plaintiffs,                 Index No.: 20822/85

          -against-

GERASSIMOS VINIERIS, a/k/a "MIKE VINIERIS",
a/k/a "CAPTAIN MIKE", a/k/a "CAPTAIN MIKE
G. VINIERIS", a/k/a "MIKE G. VINIERIS",
a/k/a "CAPTAIN MIKE VINIERIS", a/k/a
"CENTURY SHIPPING LINES CO., INC." a/k/a
"DEBORAH H. VINIERIS", a/k/a "PINELOPI
BARBATI", CENTURY SHIPPING LINES CO., INC.,
DEBORAH H. VINIERIS, and PINELOPI BARBATI,



                    Defendants.

------------------------------------------------x

TO THE ABOVE-NAMED DEFENDANTS:

   YOU ARE HEREBY SUMMONED to answer the complaint in this

action and to serve a copy of your answer, or, if the complaint is

not served with this summons, to serve a notice of appearance, on the plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     New York, New York
           September 11, 1985

                                   HENDLER & MURRAY, P.C.
                                   Attorneys for Plaintiffs
                                   Two World Trade Center
                                   Suite 9622
                                   New York, NY  10048
                                   (212) 775-9080

Defendants' addresses:

Gerassimos Vinieris
c/o Federal Correction Institution
Penbrook Station
Danbury, CT  06811

Century Shipping Lines Co., Inc.
c/o Secretary of State
162 Washington Avenue
Albany, NY  12231

Deborah H. Vinieris
663 Fifth Avenue
New York, NY

Pinelopi Barbati
666 Fifth Avenue
New York, NY

-2-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------x

FEDERAL INSURANCE COMPANY; LLOYDS UNDER-
WRITERS; SPHERE INSURANCE CO. LTD.; DRAKE
INSURANCE CO. LTD.; SPHERE INSURANCE CO.
LTD. 'B' A/c; THREADNEEDLE INSURANCE CO.
LTD.; ANDREW WEIR INSURANCE CO. LTD.;
ENGLISH & AMERICAN INSURANCE CO. LTD.;
NIPPON FIRE & MARINE INSURANCE CO. (U.K.)
LTD.; NORWICH UNION FIRE INSURANCE SOCIETY
LTD. "TRUST"; NORWICH UNION FIRE INSURANCE
SOCIETY LTD. "Z" A/C "TRUST"; BRITISH
LAW INSURANCE CO. LTD. NO. 2 A/C.; BISHOP-
GATE INSURANCE CO. LTD. "F" A/c; BRITISH
LAW INSURANCE CO. LTD.; OCEAN MARINE
INSURANCE CO. LTD.; PHOENIX ASSURANCE CO.
LTD.; PRUDENTIAL ASSURANCE CO. LTD. "TRUST"
A/c.; INDEMNITY MARINE ASSURANCE CO. LTD.
"T" A/c.; SOVEREIGN MARINE & GENERAL
INSURANCE CO. LTD.; THE TOKIO MARINE &      COMPLAINT
FIRE INSURANCE CO. (U.K.) LTD.; TAISHO
MARINE & FIRE INSURANCE CO. (U.K.) LTD.;
STOREBRAND INSURANCE CO. (U.K.) LTD.;
ATLANTIC MUTUAL INSURANCE CO.; and ALLIANZ
INTERNATIONAL INSURANCE CO. LTD.,

                    Plaintiffs,               Index No.:
                                              20722/85
          -against-

GERASSIMOS VINIERIS, a/k/a "MIKE VINIERIS",
a/k/a "CAPTAIN MIKE", a/k/a "CAPTAIN MIKE
G. VINIERIS", a/k/a "MIKE G. VINIERIS",
a/k/a "CAPTAIN MIKE VINIERIS", a/k/a
"CENTURY SHIPPING LINES CO., INC." a/k/a
"DEBORAH H. VINIERIS", a/k/a "PINELOPI
BARBATI", CENTURY SHIPPING LINES CO., INC.,
DEBORAH H. VINIERIS, and PINELOPI BARBATI,

                    Defendants.

------------------------------------------------x

          Plaintiffs, by their attorneys, Hendler & Murray, P.C., as

and for their complaint against defendants, allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT GERASSIMOS VINIERIS

1. Plaintiff, Federal Insurance Company ("Federal"), is a New Jersey corporation duly authorized to transact business in the State of New York, maintaining an office for such business at 100 William Street, New York, New York.

2. Plaintiff Lloyds Underwriters is an association of insurance underwriters duly organized under the laws of the United Kingdom and was duly authorized to issue, in the State of New York, the insurance policy referred to herein.

3. The following plaintiffs are insurance companies duly organized under the laws of the United Kingdom and were duly authorized to issue, in the State of New York, the insurance policies referred to herein:

> Sphere Insurance Co. Ltd.;
>
> Drake Insurance Co. Ltd.;
>
> Sphere Insurance Co. Ltd. 'B' A/c;
>
> Threadneedle Insurance Co. Ltd.;
>
> Andrew Weir Insurance Co. Ltd.;
>
> English & American Insurance Co. Ltd.;
>
> Nippon Fire & Marine Insurance Co. (U.K.) Ltd.;
>
> Norwich Union Fire Insurance Society Ltd. "TRUST";
>
> Norwich Union Fire Insurance Society Ltd. "Z" A/c, "TRUST";
>
> British Law Insurance Co. Ltd. No. 2 A/c.;
>
> Bishopgate Insurance Co. Ltd. "F" A/c.;

-2-

British Law Insurance Co. Ltd.;

Ocean Marine Insurance Co. Ltd.;

Phoenix Assurance Co. Ltd.;

Prudential Assurance Co. Ltd. "TRUST" A/c;

Indemnity Marine Assurance Co. Ltd. "T" A/c;

Sovereign Marine & General Insurance Co. Ltd.;

The Tokio Marine & Fire Insurance Co. (U.K.) Ltd.;

Taisho Marine & Fire Insurance Co. (U.K.) Ltd.;

Storebrand Insurance Co. (U.K.) Ltd.;

Atlantic Mutual Insurance Co.; and

Allianz International Insurance Co. Ltd.

4.   On or about December 12, 1982, a robbery occurred in the Bronx, New York, at the premises of Sentry Investigation Corporation and Sentry Armored Courier Corporation ("Sentry") during which checks, money, and other valuable property belonging to various customers of Sentry were wrongfully removed from the premises without the consent or acquiescence of Sentry or its customers.

5.   Shortly after the robbery, one of the persons convicted of taking part in the robbery, Eddie Argitakos, placed a portion of the monies stolen during the robbery in footlockers. Argitakos testified that he arranged to have the monies transported out of the country in these footlockers.

6.   On or about February 8, 1983, defendant Gerassimos Vinieris, wrongfully and illegally converted and took possession and control of the footlockers in which Eddie Argitakos had placed at least $3,300,000.00 of the monies stolen from Sentry.

-3-

7.  During the period from on or about February 9, 1983 to on or about June 10, 1983, defendant Gerassimos Vinieris deposited all or part of the aforesaid monies into various accounts and certificates of deposit at Citibank, N.A. ("Citibank") under various names including Captain Mike G. Vinieris, Mike G. Vinieris, Century Shipping Lines Co., Inc., Deborah H. Vinieris and Mike G. Vinieris, Pinelopi Barbati, and Captain Mike Vinieris.

8.  On or about May 13, 1985, defendant Gerassimos Vinieris was convicted in the United States District Court for the Southern District of New York on criminal charges for the same acts of conversion alleged in this complaint.

9.  As a result of the wrongful and unlawful conversion by defendant Gerassimos Vinieris of the aforesaid monies, the customers of Sentry suffered damages in the sum of at least $3,300,000.00.

10. Prior to the commencement of this action and pursuant to various insurance policies then in force and effect, plaintiffs reimbursed Sentry and the various customers of Sentry for the losses they sustained and received assignments from the customers of all of their rights, remedies, choses in action, and claims arising from the robbery.

11. As a result of the foregoing, defendant Gerassimos Vinieris is liable to plaintiffs for the sum of at least $3,300,000.00 with interest from February 8, 1983.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT GERASSIMOS VINIERIS

12. Plaintiffs repeat each and every allegation of Paragraphs "1" through "10" of this complaint as though such allegations were fully set forth herein.

13. Defendant Gerassimos Vinieris wrongfully had and received the sum of at least $3,300,000.00 from plaintiffs' assignors and was unjustly enriched thereby.

14. As a result of the foregoing, defendant Gerassimos Vinieris is liable to plaintiffs for the sum of at least $3,300,000.00 with interest from February 8, 1983.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS

15. Plaintiffs repeat each and every allegation of Paragraphs "1" through "6" and "8" through "10" of the complaint as though such allegations were fully set forth herein.

16. Upon information and belief, defendant Century Shipping Lines Co., Inc. ("Century") is a New York corporation which, at all times relevant to this complaint, was wholly owned and controlled by defendant, Gerassimos Vinieris, and was used as his alter ego without due regard for its separate corporate existence. Statements of Citibank account number 046-04952746 in the name of Century were addressed to 663 Fifth Avenue, 6th Floor, New York, New York.

17. Upon information and belief, defendant Deborah H. Vinieris is the wife of defendant Gerassimos Vinieris and statements

8 of 10

of Citibank account number 00856706 in the name of Mike G. Vinieris and Deborah H. Vinieris were addressed to Captain Mike G. Vinieris, 663 Fifth Avenue, 6th Floor, New York, New York.

18.  Upon information and belief, defendant Pinelopi Barbati is a nonresident alien and the mother of defendant Gerassimos Vinieris. The home address stated on an application to Citibank for account number 50160387 in her name is c/o Century Shipping Lines Co., Inc., Attn. Mike Vinieris.

19.  Upon information and belief, all or part of the monies which defendant Gerassimos Vineris converted were deposited into the following accounts; Citibank account number 046-04952746 in the name of Century Shipping Lines Co., Inc.; Citibank account number 50160387 in the name of Pinelopi Barbati, which account names Gerassimos Vinieris as beneficiary; Citibank account number 046-3314567 in the name of Pinelopi Barbati; Citibank account number 046-3314575 in the name of Pinelopi Barbati; Citibank account number 0463314807 in the name of Pinelopi Barbati; Citibank account number 0463314479 in the name of Pinelopi Barbati; Citibank account number 00856706 in the names of Mike G. Vinieris and Deborah H. Vinieris; and/or other accounts at Citibank or other financial institutions.

20.  Upon information and belief, no consideration was given by defendants Century Shipping Lines Co., Inc., Pinelopi Barbati, or Deborah H. Vinieris for the monies deposited by defendant Gerassimos Vinieris into the aforesaid accounts, which monies were

the exclusive property of the plaintiffs' assignors, and said defendants have been unjustly enriched thereby at the expense of plaintiffs' assignors.

21. By reason of the foregoing, plaintiffs are entitled to have a constructive trust impressed upon plaintiffs' monies in the aforesaid accounts and to have a constructive trust impressed upon the property of the defendants to which said monies were applied in whatever form they may now be.

22. Plaintiffs may have no adequate remedy at law unless a constructive trust is impressed on such monies and/or property, as the monies and/or property may be dissipated and paid out to others, including subsequent creditors of the defendants.

WHEREFORE, plaintiffs demand judgment as follows:

1. On the first cause of action against defendant Gerassimos Vinieris for the sum of at least $3,300,000.00 with interest from February 8, 1983;

2. On the second cause of action against defendant Gerassimos Vinieris for the sum of at least $3,300,000.00 with interest from February 8, 1983;

3. On the third cause of action against all defendants impressing a constructive trust on behalf of plaintiffs upon all monies in the care, custody or control of the defendants which represent proceeds from the aforementioned robbery, or if such monies have been transferred or altered in form but are traceable to the proceeds of the robbery, that a constructive trust be impressed upon the property in such altered form as it might exist; and

4. Granting plaintiffs such other and further relief as may be just, proper, and equitable, together with the costs and disbursements of this action.

Dated: New York, New York
September 11, 1985

>HENDLER & MURRAY, P.C.
>Attorneys for Plaintiffs
>Two World Trade Center
>Suite 9622
>New York, New York 10048
>(212) 775-9080